UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY P. JORDAN,

       Plaintiff,                              No. 16-10339

v.                                         District Judge Nancy G. Edmunds
                                            Magistrate Judge R. Steven Whalen

COMERICA BANK, ET AL.,

       Defendants.
_____/

### REPORT AND RECOMMENDATION

      This case is brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.* On February 1, 2016, Plaintiff Courtney Jordan filed a *pro se* complaint challenging the payment of life insurance proceeds to the decedent's mother, rather than to himself. Before the Court are the parties' cross-motions for summary judgment filed by Plaintiff [Doc. #22] and Defendants [Doc. #23], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendants' motion [Doc. #23] be GRANTED, that the Plaintiff's motion [Doc. #22] be DENIED.

### I.   FACTS

      Victoria Shanklin was employed by Comerica Bank from 1985 to 2013. As an employee, she was covered by a group life insurance policy issued by Liberty Life Assurance Company of Boston ("Liberty Mutual")(AR 36).[1] Ms. Shanklin died on June 17, 2014. *Id*. Her life insurance beneficiary form lists her mother, Elizabeth Shanklin, as

---

[1] "AR" refers to the Administrative Record [Doc. #21].

her beneficiary. *Id*. On December 2, 2014, Mr. Jordan called Liberty Mutual, stating that he believed he was the beneficiary of the policy, and that Victoria Shanklin told him that he was the beneficiary. (AR5). A Liberty Mutual representative contacted Comerica Bank, and was informed that Mr. Jordan had called Comerica, stating that Ms. Shanklin had made him the beneficiary within the past year.[2] However, the Comerica representative indicated that the files were examined, "confirmed they have no records of this," and that Mr. Jordan was not the named beneficiary. *Id.* On November 25, 2014, Liberty Mutual confirmed that Elizabeth Shanklin was the 100% beneficiary of her daughter's policy. (AR 6). On December 4, 2014, Liberty Mutual determined that the "claim is payable at this time to the decedents (sic) mother Mattie Elizabeth Shanklin 100% interest." (AR 4).

In his complaint, Mr. Jordan claims that he has been the sole beneficiary of Victoria Shanklin's life insurance policy since 1998. He seeks damages in the amount of $5,000,000.00.

## II. STANDARD OF REVIEW

Under ERISA, when a plan administrator has the discretionary authority to determine eligibility for benefits, federal courts review a decision to deny benefits under "the highly deferential arbitrary and capricious standard of review." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 168-69 (6th Cir. 2003), quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th cir. 1996). "[T]he arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When applying the arbitrary and capricious standard, the Court must decide

---

[2] This is at odds with Mr. Jordan's allegation in his complaint that he had been the beneficiary on the policy since 1998.

whether the plan administrator's decision was rational in light of the plan's provisions. Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000)(internal citations and quotations omitted).

When a plan requires the insurer/administrator to request and receive "satisfactory evidence" or "satisfactory proof" of the entitlement to benefits, this means that the administrator is vested with the discretion to determine entitlement to benefits. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556-57 (6th Cir. 1998)(*en banc*). In this case, the Plan (i.e., the Liberty Mutual policy) provides that "[w]hen Liberty receives satisfactory Proof of the Covered Employee's death, Liberty will pay the proceeds of the Life Insurance in force on the Covered Employee's life under this policy." (AR 65). Under *Perez*, Liberty Mutual was vested with discretion to determine the payment of benefits, and therefore, its decision to pay the life insurance proceeds to Victoria Shanklin's mother is reviewed under the arbitrary and capricious standard.

### III. DISCUSSION

Judicial review of an ERISA claim is typically "based solely on the administrative record." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The question before this Court is whether the administrative record [Doc. #21] supports Liberty Mutual's decision to pay benefits to Victoria Shanklin's mother under the arbitrary and capricious standard, that it, whether " it is possible to offer a reasoned explanation, based on the evidence," for that determination. *Williams,* 227 F.3d at 712.[3]

---

[3] Defendant correctly notes that by suing Comerica Bank, not Liberty Mutual, Mr. Jordan has actually named the wrong party, since it is Liberty Mutual that was the Plan Administrator.

Mr. Jordan contends that Ms. Shanklin changed her beneficiary designation to make him, not her mother, the beneficiary of the Liberty Mutual policy. He contends that she in fact told him that he was to be the beneficiary, and that in reciprocation, he made her the beneficiary of his life insurance policy. The policy provision governing beneficiaries states, "Each Covered Employee must name a beneficiary to whom the insurance benefits under this policy are payable." (AR 82). The policy further provides that "[b]enefits for loss of life of the Covered Employee are paid to the beneficiary." (AR 85). The policy also sets forth a procedure for changing the beneficiary designation:

> "A Covered Employee may change his beneficiary at any time by written request. Liberty or the Sponsor will provide a form for that purpose. Any change of beneficiary will take effect when the Sponsor receives the written request whether or not the Covered Employee is alive at that time." (AR 82).

The Administrative Record contains no change of beneficiary form signed by Ms. Shanklin. With their Reply Brief [Doc. #29], Defendants have submitted the Declaration of Mary Nowak, the Benefit Specialist at Comerica Bank, who states that following Ms. Shanklin's death, she searched for all records related to her life insurance benefit and Mr. Jordan' claim to the proceeds. She concludes, "The documents filed by all defendants in this action as constituting the Administrative Record are, to the best of my knowledge, information, and belief, complete." *Nowak Declaration*, ¶ 4. She further states, "I am not aware of any other documents pertaining to Ms. Shanklin's life insurance benefit or to Mr. Jordan's claim to the proceeds of that benefit. As relevant here, I am not aware of any document that names Mr. Jordan as the beneficiary of Ms. Shanklin's life insurance benefit." *Id*. ¶ 5. Defendants have also submitted as Exhibit B to their Reply Brief the Declaration of Paula J. McGee, the Litigation Manager at Liberty Life. She too states that she has searched the records related to Ms. Shanklin's life insurance benefit, and that she

is unaware of any document naming Mr. Jordan as the beneficiary. She confirms that to the best of her information, knowledge, and belief, the Administrative Record filed with this Court is complete. *McGee Declaration*, ¶¶ 4-5.[4]

I do not question that Mr. Jordan and Ms. Shanklin had a close and loving relationship, and I understand his pique at Defendant's counsel indelicately referring to her as his "purported girlfriend." *See Brief in Support of Defendant's Motion* [Doc. #23], p.1. And Ms. Shanklin may well have intended to execute a change of beneficiary form at some point. But it is Ms. Shanklin's written beneficiary designation that controls, and it is not for the Court to divine her unexpressed intention. Instead, "we determine [her] intent by the designation on file at the time of [her] death." *McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990).

Under the "arbitrary and capricious" standard of review, Liberty Mutual need only "articulat[e] a rational connection between the facts found and the choice made." *Smart v. State Farm Ins. Co.,* 868 F.2d 929, 936 (7th Cir.1989). The only beneficiary designation on file named Ms. Shanklin's mother as the beneficiary. The policy clearly provided a procedure for filing a written change of beneficiary form, but no such form is in the Administrative Record, nor were representatives of Liberty Mutual and Comerica Bank, after an investigation, able to determine that Ms. Shanklin had changed beneficiaries. *See* AR 4-6. Pursuant to the terms of the policy, Ms. Shanklin's mother filed a claim form, along with the appropriate documents, with Liberty Mutual. (AR 58). Mr. Jordan did not. Liberty Mutual followed the policy to the letter in paying the life insurance benefits to the named beneficiary, and thus its "decision was rational in light of the plan's provisions."

---

[4] For this reason, Mr. Jordan's request for a document subpoena to the Defendants, would be not only inappropriate discovery under *Wilkins*, but would be futile.

*Williams*, 227 F.3d at 712.

Finally, to the extent that Mr. Jordan brings state law claims against these Defendants, seeking damages for pain and suffering, those claims must be dismissed. ERISA is a "comprehensive regulation of employee welfare and pension benefit plans" that provides "administrative oversight, imposes criminal sanctions, and establishes a comprehensive civil enforcement scheme." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 650–51 (1995) (internal citations omitted). ERISA preempts state laws that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). In *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97 (1983), the Supreme Court broadly interpreted ERISA's preemption clause, holding that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." The Sixth Circuit has recognized "that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). This case is no exception. Mr. Jordan has not shown that any of his claims in this case fall outside the ERISA preemption clause. Therefore, both the ERISA claims and any state law claims must be dismissed with prejudice. *See Briscoe v. Fine*, 444 F.3d 478, 501 (6th Cir. 2006).

### IV.  CONCLUSION

I recommend that Plaintiff's Motion for Summary Judgment [Doc. #22] be DENIED, that Defendants' Motion for Summary Judgment [Doc. #23] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 25, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 25, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager
